IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| JOYCE BOTKIN<br>23500 Elk Grove Terrace<br>Damascus, Maryland 20872<br><br>Plaintiff,<br><br>v.<br><br>PIONEER CREDIT<br>RECOVERY INC.<br>26 Edward Street<br>Arcade, New York 14009<br><br>Serve on: CSC - Lawyers<br>Incorporating Service Company<br>7 St. Paul Street, Suite 820<br>Baltimore, Maryland 21202<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    COMPLAINT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    JURY TRIAL DEMANDED<br>)<br>) |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND TELEPHONE CONSUMER PROTECTION ACT**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a).

3. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), the Maryland Consumer Protection Act, Md. Code Ann., Com. Law II §§ 13-301 et seq. ("MCPA"), and the Maryland Telephone Consumer

Protection Act, Md. Code Ann., Com. Law II §§ 14-3201 et seq. ("MTCPA") by the Defendant in its illegal efforts to collect a consumer debt from Plaintiff.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff, Joyce Botkin, is a natural person who resides at 23500 Elk Grove Terrace, Damascus, MD 20872, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

6. Defendant, Pioneer Credit Recovery, Inc. ("Pioneer"), is a corporation organized and existing under the laws of the State of Delaware that specializes in debt collection. Defendant Pioneer is therefore a "debt collector" as that term is defined by 15 U.S.C. §1692a(6). Defendant Pioneer is licensed to do business in Maryland. Its principal place of business is located at 26 Edward Street, Arcade, NY 14009.

## FACTUAL ALLEGATIONS

7. Beginning in 2003, Plaintiff's husband, Clinton Botkin, obtained federal student loans from Sallie Mae in order to pay educational costs for their daughter. This was a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. As of the final disbursement date in 2005, the total debt owed by Plaintiff's husband to Sallie Mae was $92,483.01.

9. Plaintiff's husband's most recent student loan payment was on or about September 5, 2013.

10. On or about June 12, 2015, Plaintiff's husband was notified by letter that his alleged loan debt was purchased as a default claim by United Student Aid Funds, Inc., d/b/a USA Funds, and referred to Pioneer for collection.

11. On or about June 15, 2015, Plaintiff's husband received a letter from Pioneer notifying him of the referral for collection.

12. As of June 22, 2015, Plaintiff's husband's purported outstanding student loan debt amounted to $137,613.34.

13. From June 14, 2015 through July 23, 2015, Pioneer and its agents made at least ninety-seven (97) phone calls regarding the alleged debt.

14. Agents of Pioneer called Plaintiff's husband at least thirty-four (34) times and Plaintiff at least fifty-two (52) times in the aforementioned period.

15. Agents of Pioneer called ten (10) different third parties, including Plaintiff's family, Plaintiff's husband's friend, and Plaintiff's neighbor, regarding Plaintiff's husband.

16. On June 15, 2015, an agent of Pioneer called Plaintiff's brother-in-law, without his express permission, possibly multiple times and knowingly misled Plaintiff's brother-in-law by claiming that Plaintiff's husband used Plaintiff's brother-in-law as a "reference." The agent called for a purpose other than acquiring location information regarding Plaintiff's husband.

17. On June 18, 2015, an agent of Pioneer called Plaintiff's daughter multiple times, without her express permission, for a purpose other than acquiring location information regarding Plaintiff's husband.

18. On June 18, 2015, an agent of Pioneer called Plaintiff's nephew, without his express permission, for a purpose other than to acquire location information regarding Plaintiff's

husband. The agent also asked Plaintiff's nephew to ask Plaintiff's husband's step-sister to give Plaintiff's husband a "message."

19. On June 18, 2015, an agent of Pioneer called Plaintiff's husband's friend, without his express permission, and knowingly misled the friend by claiming that Plaintiff's husband used Plaintiff's friend as a "reference." The agent called for a purpose other than acquiring location information regarding Plaintiff's husband.

20. On June 18, 2015, an agent of Pioneer called Plaintiff's neighbor, without her express permission, identified the company they worked for, gave a reference number and asked neighbor to give Plaintiff's husband a "message". The agent called for a purpose other than acquiring location information regarding the Plaintiff's husband.

21. On June 22, 2015, Noah Bowdy, a Pioneer collection agent, called Plaintiff and threatened to garnish Plaintiff's husband's wages in order to satisfy the alleged debt. Plaintiff informed him that they would be reviewing their options and would be in touch, at which time the Pioneer agent became aggressive and demanded to know exactly when they would call him back. Ultimately, the Pioneer agent simply hung up on Plaintiff.

22. On July 13, 2015, Plaintiff and Plaintiff's husband mailed a letter to Pioneer requesting that Pioneer cease calling Plaintiff's husband and notifying Pioneer that Plaintiff and her husband have retained counsel with regard to the debt collection. D. Harrison signed for the letter on July 15, 2015 upon delivery to Pioneer by FedEx. A copy of the July 15, 2015 Letter and signed receipt is attached hereto and incorporated herein as Exhibit A.

23. On July 23, 2015, after receiving notification that Plaintiff has retained counsel, a Pioneer agent again attempted to call Plaintiff.

## LEGAL APPLICATION

24. All of the above-described collection communications made to Plaintiff, Plaintiff's husband, and third parties by each individual collection agent employed by Pioneer, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein, as well as provisions of the TCPA, including but not limited to all of the provisions of the TCPA cited herein.

26. Due to these series of abusive collection calls by Pioneer, Plaintiff has suffered actual damages in the form of anger, anxiety, emotional distress, frustration, amongst other negative emotions.

## RESPONDEAT SUPERIOR LIABILITY

27. The acts and omissions of the Pioneer agents who communicated with the Plaintiff as more further described herein, were committed within the time and space limits of the employees' agency relationship with their principal, Pioneer.

28. The acts and omissions by the aforementioned Pioneer agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Pioneer in collecting consumer debts.

29. By committing these acts and omissions against Plaintiff, the Pioneer agents were motivated to benefit their principal, Pioneer.

30. Pioneer is therefore liable to Plaintiff through the Doctrine of *Respondeat Superior* for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection agents, including but not limited to violations of the FDCPA, in their attempts to collect this alleged debt from Plaintiff and her husband.

## COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

31. Plaintiff repeats and realleges all of the foregoing paragraphs of this Complaint as though fully set forth herein.

32. Plaintiff was the object of collection activity arising from alleged consumer debt in the amount of $137,613.34.

33. By using any instrumentality of commerce or the mails in any business the principal purpose of which is the collection of any debts and by regularly collecting or attempting to collect, directly or indirectly, debts owed or due or asserted to be owed to another, Pioneer is a "debt collector" as defined by the FDCPA.

34. Pioneer's agents communicated with persons other than the consumer and did not limit communication to identification of the caller, a statement that the agent is confirming or correcting location information concerning the consumer, and identifying the agent's employer if expressly requested to do so, in violation of the FDCPA.

35. Pioneer communicated with individuals other than the consumer more than one time and was not requested to do by the aforementioned individuals in violation of the FDCPA.

36. Pioneer misrepresented its reasons for calling Plaintiff, Plaintiff's family, and Plaintiff's friends, by using false representations or deceptive means to collect or attempt to collect Plaintiff's alleged debt, in violation of the FDCPA.

37. By telling third parties that Plaintiff's husband used them as a "reference," Pioneer used deceptive means to obtain information concerning a consumer, in violation of the FDCPA.

38. Pioneer communicated with the consumer after being informed in writing that the consumer is represented by an attorney with respect to the alleged debt, in violation of the FDCPA.

39. Pioneer caused Plaintiff's and her husband's telephones to ring and engaged them in telephone conversation repeatedly and continuously with intent to annoy, abuse, or harass Plaintiff and her husband, in violation of the FDCPA.

40. Plaintiff's husband has recently developed heart problems and underwent an angioplasty procedure on August 6, 2015. Plaintiff's husband is a former athlete and had no heart problems prior to this year. Plaintiff's husband's health problems have caused Plaintiff to experience increased anxiety and stress.

41. By reason of the foregoing, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant:

a) For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;

b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant and for Plaintiff;

c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff; and

d) For such other and further relief as this Court deems just and proper.

## COUNT II. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

42. Plaintiff repeats and realleges all of the foregoing paragraphs of this Complaint as though fully set forth herein.

43. Upon information and belief, Pioneer uses an "automatic telephone dialing system" ("ATDS") as defined by the TCPA.

44. Upon information and belief, Pioneer knowingly and willfully used an ATDS to make calls to telephone numbers assigned to cellular telephone services.

45. As a result of Defendant's violations of the TCPA, Plaintiff is entitled to injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A); and the greater of actual monetary loss as a result of the violations or statutory damages of $500.00 per violation pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Defendant's violations of the TCPA were willful or knowing, and therefore Plaintiff is entitled to statutory damages equal to not more than $1,500.00 per violation pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant:

a) For injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A);

b) For an award of statutory damages of the greater of actual monetary loss as a result of the violations or statutory damages of $1,500.00 per violation pursuant to 47 U.S.C. § 227(b)(3)(B) against the Defendant and for the Plaintiff.

c) For such other and further relief as this Court deems just and proper.

## COUNT III. VIOLATIONS OF THE MARYLAND CONSUMER PROTECTION ACT
### MD. CODE ANN., COM LAW II §§ 13-301 et. seq.

47. Plaintiff repeats and realleges all of the foregoing paragraphs of this Complaint as though fully set forth herein.

48. Pioneer made false oral statements which have the capacity, tendency, or effect of deceiving or misleading consumers by misrepresenting its reasons for calling Plaintiff, Plaintiff's family, and Plaintiff's husband's friends, thereby engaging in an unfair or deceptive trade practice.

49. By communicating with Plaintiff and her husband with a frequency which reasonably can be expected to abuse or harass in attempting to collect an alleged debt, and thereby violating a provision of the MCDCA, Pioneer has participated in an unfair or deceptive trade practice.

50. As a result of Defendant's violations of the MCPA, Plaintiff is entitled to actual damages and attorney's fees pursuant to Md. Comm. Law § 13-408 from the Defendant.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant:

a) For an award of actual damages pursuant to Md. Comm. Law § 13-408(a) against the Defendant and for Plaintiff;

b) For an award of costs of litigation and reasonable attorney's fees pursuant to Md. Comm. Law § 13-408(b) against the Defendant and for Plaintiff; and

c) For such other and further relief as this Court deems just and proper.

## COUNT IV. VIOLATIONS OF THE MARYLAND TELEPHONE CONSUMER PROTECTION ACT
### MD. CODE ANN., COM LAW II §§ 14-3201 et. seq.

51. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

52. Pioneer knowingly and willfully using an ATDS to make calls to telephone numbers assigned to cellular telephone services, thereby violating the MTCPA.

53. As a result of Defendant's violations of the MTCPA, Plaintiff is entitled to attorney's fees pursuant to § 14-3202(b)(1) and damages in the amount of the greater of $500.00 for each violation or actual damages sustained as a result of the violations pursuant to § 14-3202(b)(2).

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant:

a) For an award of the greater of statutory damages in the amount of $500.00 for each violation or actual damages pursuant to Md. Comm. Law § 14-3202(b)(2) against the Defendant and for Plaintiff;

b) For an award of costs of litigation and reasonable attorney's fees pursuant to Md. Comm. Law § 14-3202(b)(1) against the Defendant and for Plaintiff; and

c) For such other and further relief as this Court deems just and proper.

## TRIAL BY JURY

54. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. *See* U.S. Const. Amend. 7 and Fed.R.Civ.P. 38.

Respectfully Submitted,

ROWE WEINSTEIN & SOHN, PLLC

_____
Robinson S. Rowe (Bar No. 27752)
Benjamin F. Bruins (Bar No. 29720)
Domonic A. Cusimano (Bar No. 14118)
Rowe Weinstein & Sohn, PLLC
1401 Rockville Pike, Suite 110
Rockville, MD  20852
rrowe@rowepllc.com
Telephone:     (301) 770-4710
Facsimile:     (301) 770-4711
*Attorneys for Plaintiff*